CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 30 2018
JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH VALENTINE AWE, <br> Plaintiff, | Civil Action No. 7:17-cv-00164 |
| v. | **MEMORANDUM OPINION** |
| B. MULLENS, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Kenneth Valentine Awe, a Virginia inmate proceeding pro se, had filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and other various federal and Virginia laws. On account of Plaintiff's "three strikes" under 28 U.S.C. § 1915(g), I had referred, inter alia, his application to proceed without prepayment of the filing fee to the magistrate judge for a report and recommendation.[1] The magistrate judge has issued that report, recommending, inter alia, denying the application, and Plaintiff has objected.[2] (ECF No. 36.) I overrule the objections, adopt the report and recommendation, deny Plaintiff leave to proceed without prepayment, deny as moot all pending motions, and dismiss the case without prejudice.

Dr. B. Mullens and Dr. H. Smith, who are both doctors for inmates in the custody of the Virginia Department of Corrections, had allegedly refused to treat Plaintiff's life-threatening heart condition caused by cholesterol. During an evidentiary hearing before the magistrate judge, Plaintiff claimed to have high LDL cholesterol that placed him in danger of life-threatening heart disease. Plaintiff said that he was 49 years old and that he had suffered from high LDL cholesterol since the age of 20. Plaintiff testified that a number of his male ancestors

---

[1] I also stayed adjudication of the complaint until the filing fee was resolved. Nonetheless, defendants filed a dispositive motion. Because resolution of the filing fee disposes of the case, the dispositive motion is dismissed as moot.

[2] Besides the one timely objection, Plaintiff later filed a response in opposition to defendants' dispositive motion. Plaintiff filed the response beyond the time to object to the report and recommendation and did not request to file it as an objection out of time. Cf. Fed. R. Civ. P. 6(b)(1). Accordingly, I do not consider the late filing as an objection to the report and recommendation. See, e.g., Caldwell v. Jackson, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (recognizing that any attempt to introduce new evidence after the magistrate judge has acted is disfavored).

had died young of heart disease or arterial sclerosis. He said that plaque buildup in his arteries had required his father to undergo quadruple cardiac bypass surgery at age 38. He said his father died of congestive heart failure at age 53. Plaintiff said that both his paternal grandfather and his great-grandfather had died young, but he was not certain of the causes of their deaths.

Plaintiff's general objection to the report and recommendation is merely a reiteration of his testimony before the magistrate judge. He repeats that tests from the late 1980s showed that he carried a "gene/marker" of increased sensitivity to dietary cholesterol. Plaintiff disagrees with Dr. Mullens characterization of the cholesterol as "near optimal" and instead deems his cholesterol level as "high." Plaintiff also alleges that "all" his paternal relatives died from "heart failures."

A district court must review de novo any part of a report and recommendation to which a party objects, and it must provide its independent reasoning when a party raises new evidence or a new argument in an objection. 28 U.S.C. § 636(b)(1)(C); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The reasoning need not be elaborate or lengthy, but it must provide a specific rationale that permits meaningful appellate review. See, e.g., United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Notably, de novo review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano, 687 F.2d at 47. A district court is also not required to review any issue when no party has objected. See, e.g., Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Plaintiff's objection is overruled. Plaintiff admitted that he had never been diagnosed as suffering from a heart attack or heart disease; had never been told that he had any blockages in his heart arteries; and had never undergone any diagnostic testing such as a heart catheterization

or radiographic imaging to diagnose plaque buildup in his heart arteries. As of November 22, 2016, Plaintiff's total cholesterol level was 203 mg/dl; his HDL cholesterol level was 44 mg/dl; his LDL cholesterol level was 136 mg/dl; and his triglycerides level was 116 mg/dl. Plaintiff last saw Dr. Mullens in November 2016, and Dr. Mullens had said that the HDL levels would offset the LDL levels.

Dr. Mullens stated that Plaintiff's November 2016 LDL cholesterol level of 136 was "near optimal" and did not put Plaintiff at imminent risk of a serious medical event. Dr. Mullens stated that a "Risk Calculator" showed that Plaintiff had a 3.3% chance of suffering a stroke or heart attack within the next 10 years. Although Plaintiff had been prescribed a statin medication to reduce his LDL cholesterol levels in the past, a statin medication was not reordered because it was not medically indicated for Plaintiff unless his chance of stroke or heart attack was greater than 5%. Dr. Mullens stated that statins were not justified because their risks of serious side effects, such as breakdown of muscle tissue and liver and kidney damage, outweighed any benefit Plaintiff might receive.

In accordance with the report and recommendation, I find that Plaintiff does not qualify for the exception to the "three-strikes" rule of 28 U.S.C. § 1915(g). Consequently, the report and recommendation is adopted, Plaintiff is denied leave to proceed without prepayment of the filing fee,[3] and the complaint is dismissed without prejudice for failure to pay. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is

---

[3] The court had previously warned Plaintiff in this case and many others that a conditional filing order about proceeding without prepayment of the filing fee would be rescinded if the court determines that Plaintiff has "three-strikes." Any such order entered in this case is, consequently, rescinded.

3

ineligible to proceed in forma pauperis). All pending motions are denied as moot. See, e.g., Mo., Kan. & Tex. Ry. v. Ferris, 179 U.S. 602, 606 (1900). If Plaintiff pays the $400 filing fee within ten days, the court will reopen the action.

**ENTER**: This 30th day of January, 2018.

/s/ Jackson L. Kiser
Senior United States District Judge